UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

DARRYLL MACK,
     Petitioner,

vs.                          Case No.:  4:23cv181/WS/ZCB

RICKY DIXON,
     Respondent.
_____/

## REPORT AND RECOMMENDATION

Petitioner, Darryll Mack, has filed a habeas corpus petition under 28 U.S.C. § 2254.  (Doc. 1).  Respondent has moved to dismiss, arguing that the petition was untimely filed.   (Doc. 8).   Petitioner has not responded to the motion, and the deadline for doing so has passed. (Doc. 9).  For the reasons below, Respondent's motion to dismiss should be granted.[1]

## I.    Background

Petitioner was charged in the Bay County Circuit Court with five felonies:  second degree murder with a firearm, robbery with a firearm,

_____

[1] The Court believes this matter can be resolved based on the pleadings and attachments without an evidentiary hearing.   Rule 8(a), Rules Governing Section 2254 Cases.

and three counts of felon in possession of a firearm or ammunition. (Doc. 8-3). Pursuant to a plea agreement, he pleaded no contest plea to reduced charges in return for an agreed sentence of twenty years in prison. (Doc. 8-4). The state court accepted Petitioner's no contest plea and sentenced him to twenty years of imprisonment. (Docs. 8-4, 8-5, 8-6). Petitioner appealed to the First District Court of Appeal, which dismissed the appeal May 26, 2015, because Petitioner failed to respond to a court order. (Doc. 8-7). Petitioner did not seek further direct appellate review. Nor did he file any application for state post-conviction relief within one year of his conviction becoming final. Petitioner later filed two state post-conviction motions under Rule 3.850 of the Florida Rules of Criminal Procedure and a state habeas petition, all of which were unsuccessful. (Docs. 8-8, 8-11, 8-12, 8-13, 8-14, 8-15).

Next, Petitioner came to federal court and filed the current 28 U.S.C. § 2254 habeas corpus petition on May 2, 2023. (Doc. 1 at 12).[2] Petitioner appears to concede that his petition was filed after expiration of the one-year limitations period in 28 U.S.C. § 2244(d)(1), but he claims

---

[2] The Court refers to the page numbers automatically assigned by the Court's electronic filing system.

to have shown "cause and prejudice" for the untimely filing.  (Doc. 1 at 4, 7, 11-12).  Petitioner also asserts that a failure to consider the merits of his habeas petition would result in a fundamental miscarriage of justice. (*Id.*).  Respondent disagrees and seeks dismissal of the petition as untimely.  (Doc. 8).

## II.   Discussion

**A.   The § 2254 petition was untimely filed.**

An inmate in state custody has one year to file a § 2254 habeas petition.  *See* 28 U.S.C. § 2244(d)(1).  The one year clock starts running from the latest of:

> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

The parties disagree about which one of the events above started the one year clock in Petitioner's case.  Respondent contends the finality date of the judgment (§ 2244(d)(1)(A)) started the one year clock.   (Doc. 8 at 4-5).  For his part, Petitioner asserts that he did not receive evidence to support his habeas claims until January 15, 2019, and thus could not have presented his habeas claims prior to that date.   (Doc. 1 at 4-6, 7-9, 20).  Respondent and the Court construe Petitioner's assertions as an argument that § 2244(d)(1)(D) is the appropriate trigger for the one-year limitation period.  (Doc. 8 at 11-12).  Respondent argues that the "factual predicate" trigger does not apply because Petitioner failed to satisfy the due diligence requirement of § 2244(d)(1)(D).  (*Id.* at 9-12).

The Court will first explain why § 2244(d)(1)(A) is the appropriate trigger for the one-year limitation period.  The Court then will explain that Petitioner filed his § 2254 petition after the one-year limitation period expired.

4

1.    **The appropriate trigger for the limitation period is § 2244(d)(1)(A)**

    a.    **The trigger under § 2244(d)(1)(A) is August 24, 2015**

Under § 2244(d)(1)(A), the trigger for the federal limitations period is the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.

Here, the state appellate court dismissed Petitioner's direct appeal on May 26, 2015. (Doc. 8-7 at 3). Assuming, without deciding, that Petitioner was entitled to the ninety-day period for seeking certiorari review in the Supreme Court of the United States,[3] his conviction became final when that ninety-day window closed on August 24, 2015. Petitioner did not file this § 2254 petition until May 2, 2023. Thus, it was untimely under 28 U.S.C. § 2244(d)(1)(A).

    b.    **Petitioner does not qualify for the trigger to be determined under § 2244(d)(1)(D)**

---

[3] *See Stewart v. U.S.*, 646 F.3d 856, 857 (11th Cir. 2011) (noting, in the analogous context of a federal § 2255 proceeding, that the defendant's conviction became final upon expiration of the ninety-day period for seeking certiorari review in the Supreme Court of the appellate court's order dismissing the defendant's direct appeal); *King v. Sec'y, Fla. Dep't of Corr.*, No. 16-14160-F, 2017 WL 6760186, at *2 (11th Cir. Jan. 5, 2017) (applying the same analysis in the § 2254 context).

"Section 2244(d)(1)(D) gives state prisoners the benefit of a later start if the vital facts could not have been known by the date the appellate process ended." *Nordelo v. Sec'y, Fla. Dep't of Corr.*, 635 F. App'x 636, 639 (11th Cir. 2015) (cleaned up). Under that provision, the one-year clock for filing a § 2254 petition begins when the prisoner knows (or through diligence could discover) the important facts, not when the prisoner recognizes the legal significance of those facts. *Cole v. Warden, Ga. State Prison*, 768 F.3d 1150, 1157 (11th Cir. 2014). And because "due diligence is equivalent to a rule of inquiry notice," the prisoner is obligated to make reasonable efforts to discover the facts that are relevant to his habeas claims. *Id.* at 1156–57.

Here, Petitioner's habeas claims are predicated on the fact that the prosecutor's files did not contain cell phone records even though the probable cause affidavit supporting the arrest warrant mentioned text messages. (Doc. 1 at 4-5, 7-8). Petitioner asserts he did not learn of the absence of the phone records until January 15, 2019—the date the State Attorney first responded to his public records request for cell phone records for two specific phone numbers on two specific dates. (Doc. 1 at 18, 20). The State Attorney's response stated: "Records do not exist."

6

(*Id.* at 20).   The State Attorney sent Petitioner a second response on January 30, 2019, which sated:   "Records do not exist in our case management system.   Please keep in mind that once you pled, the discovery process stopped.   You may be able to request the search warrant from the Panama City Police Department, if it is in their possession."  (Doc. 8-12 at 94).

Petitioner claims that the absence of the cell phone records from the prosecutor's file proves that the arrest warrant was based upon a false statement in the probable cause affidavit.   The probable cause affidavit stated that Petitioner was suspected of conspiring with Tyricka Woullard and Dontavis Thomas to commit armed robbery based upon "a sworn statement from a Co-Defendant and corroborated by text messages seized during a search warrant."  (Doc. 8-2 at 2-3).

In Petitioner's first habeas claim, he argues that the false statement in the probable cause affidavit violated his Fourth and Fourteenth Amendment rights.  (Doc. 1 at 4-5).  He asserts that during the criminal proceedings, the prosecutor "acted as if they [the cell phone records] didn't exist" but failed to definitively disclose whether they existed.  (*Id.* at 5, 7-8).   Petitioner asserts that if prosecutor had

affirmatively stated he did not have cell phone records, then Petitioner would have rejected the plea offer and gone to trial. (*Id.* at 4-5). Petitioner further claims that if the prosecutor had disclosed that he did not have phone records, then defense counsel could have filed a motion to suppress. (*Id.*).

This leads to Petitioner's second habeas claim. In Ground Two, he claims that defense counsel was ineffective for failing to file a motion to suppress the arrest warrant or to otherwise challenge the veracity of the probable cause affidavit. (*Id.* at 7-8). Petitioner claims that defense counsel also was ineffective for advising him to accept the plea offer without challenging the probable cause affidavit or advising him of the possibility of such a challenge. (*Id.* at 8). Petitioner alleges that if defense counsel had advised him of the possibility of a probable cause challenge, or if counsel had pursued that challenge, then he would have rejected the plea offer and gone to trial. (*Id.*).

The problem for Petitioner is that when he accepted the State's plea offer, he knew that his attorney had requested the cell phone records and that the State had not produced them. At the beginning of the plea hearing (on February 19, 2015), defense counsel announced:

8

We do have depositions set for March 30th, 31st, and April 1st in this case. *There was an outstanding request for some phone records as part of discovery*. That being said, the State has made a plea offer of 20 years in prison, to reduce the charge of second-degree murder to regular manslaughter; to reduce the robbery with a firearm to robbery without a firearm; and to reduce the three counts of felon in possession of a firearm or ammunition from actual possession to constructive possession. In exchange my client's to enter a plea of no contest to those charges and receive 20 years in prison.

(Doc. 8-5 at 4) (emphasis added). Defense counsel asked Petitioner, "Mr. Mack, do you understand all of that that was just announced?" (*Id.*). at 4-5). Petitioner responded, "Yes, sir," and then said that he wanted to accept the State's offer and enter the plea that day. (*Id.* at 4-5).

Upon hearing defense counsel say that the prosecutor had not yet responded to his request for phone records, a reasonably diligent defendant would have inquired as to whether such records existed, if

9

indeed the existence of the phone records actually mattered to the defendant's decision to accept the plea offer.

Petitioner could have discovered, by the date he entered his plea (February 19, 2015), whether the phone records were in the State Attorney's file simply by asking (either directly or through his counsel). Petitioner instead waited over four years to ask that question. Petitioner, therefore, has not satisfied the due diligence requirement of § 2244(d)(1)(D). For that reason, he is not entitled to have his one-year limitation period triggered by § 2244(d)(1)(D) as opposed to § 2244(d)(1)(A). As a result, the trigger for the one-year limitation period was the finality date of the judgment, August 24, 2015.

## 2. Petitioner filed his federal petition after the one-year limitation period expired

Having determined that Petitioner's conviction became final on August 24, 2015, the one year clock for filing a § 2254 petition started to run the next day, on August 25, 2015. *See* Fed. R. Civ. P. 6(a) (stating that when computing a time period for the occurrence of an event specified by the law, the Court should "exclude the day of the event that triggers the period"). Petitioner had one year from that date, or until

10

August 25, 2016, to file his § 2254 petition. *See Downs v. McNeil*, 520 F.3d 1311, 1318 (11th Cir.2008) (stating that limitation period should be calculated according to "anniversary method," under which limitation period expires on anniversary of date it began to run) (citation omitted).

Petitioner did not file his § 2254 on or before August 25, 2016. He also did not file any post-conviction motions in state court within that time and thus is not entitled to statutory tolling under § 2244(d)(2).[4] *See Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) ("A state-court petition . . . that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled."); *see also Bell v. Sec'y, Dept. of Corr.*, No. 4:12-cv-150/MW/GRJ, 2013 WL 2352736, at *3 n.1 (N.D. Fla. May 29, 2013) (explaining than an "untimely state postconviction filing would not toll the limitations period, because the limitations period had already expired"). Petitioner filed his federal petition on May 2, 2023. (Doc 1 at 12). And because that date

---

[4] That subsection provides, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation . . . ." 28 U.S.C. § 2244(d)(2).

was after the one-year limitation period had expired, his petition was untimely.[5]

## B.    Petitioner has not satisfied any recognized exception to the time bar.

In the section of the habeas petition that required Petitioner to explain why his petition was not time-barred under § 2244(d), Petitioner stated: "Petitioner asserts he has showed [sic] cause and actual prejudice for the defaulted claims in both grounds." (Doc. 1 at 11-12). He apparently argues that the late filing of his § 2254 petition was caused by the State's failure to tell him sooner that it had no cell phone records in its files.

The Court construes Petitioner's statement as an equitable tolling argument. "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some

---

[5] Even if the Court gave Petitioner the benefit of the late start date of January 15, 2019, and granted him continuous tolling for all of his state post-conviction filings (Docs. 8-8 through 8-15), his federal petition still would be untimely. His last post-conviction proceeding reached its conclusion on December 30, 2021, when the thirty day period for filing a notice of appeal of the circuit court's order expired. (Doc. 8-15 at 2-3). Petitioner did not file his § 2254 petition until May 2, 2023, which was over one year later.

extraordinary circumstance stood in his way and prevented timely filing."
*Holland v. Florida*, 560 U.S. 631, 649 (2010) (cleaned up).  The petitioner
bears the burden of showing entitlement to equitable tolling.  *Cole*, 768
F.3d at 1158.  "The diligence required for equitable tolling purposes is
reasonable diligence, not maximum feasible diligence."  *Id*. (cleaned up).

Petitioner has not shown that he acted with reasonable diligence
or that an extraordinary circumstance prevented him from meeting the
filing deadline.  As previously discussed, Petitioner knew as far back as
February 19, 2015, that the State had not provided phone records during
discovery at the time Petitioner entered his plea.  If Petitioner had acted
with reasonable diligence at that time, he could have learned whether or
not phone records actually existed.  Further, he does not allege that any
extraordinary circumstance stood in the way of his inquiring about the
phone records at the plea hearing.  Petitioner thus is not entitled to
equitable tolling.[6]

---

[6] As discussed in the previous footnote, even if the Court gave Petitioner
the benefit of equitable tolling until January 15, 2019, as well as
statutory tolling for all of his state post-conviction filings, his federal
habeas petition still would be untimely.

In addition Petitioner's "cause and prejudice" argument, he makes a "fundamental miscarriage of justice" argument.  Petitioner asserts that the Court's failure to consider his habeas claims on the merits would result in a fundamental miscarriage of justice because "these constitutional violations has [sic] probably resulted in the conviction of one who is actually innocent."  (Doc. 1 at 11-12).

The Supreme Court has held that actual innocence serves as a gateway through which a petitioner may obtain review of an untimely habeas petition. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013).  In this context, "'actual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623-24 (1998).

To pass through the actual innocence gateway, a petitioner must satisfy the standard articulated in *Schlup v. Delo*, 513 U.S. 298 (1995). *See McQuiggin*, 569 U.S. at 1928 (applying the *Schlup* standard to untimely § 2254 petitions).  The *Schlup* standard requires a petitioner to show "that, in light of new evidence, it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable a doubt." *House v. Bell*, 547 U.S. 518, 536-37 (2006) (internal quotations omitted).  The *Schlup* standard is a "demanding" one that is only met "in

14

the extraordinary case." *Id*. at 536.  Thus, it is "rare" for a petitioner to obtain review of an untimely habeas petition through the actual innocence gateway. *McQuiggin*, 569 U.S. at 386.

Petitioner apparently argues that the absence of cell phone records in the State Attorney's file proves that he did not commit the crime of conspiracy to commit armed robbery.  The absence of cell phone records in the State Attorney's file does not tend to show Petitioner's factual innocence, i.e., that he did not conspire with Tyricka Woullard or Dontavis Thomas to commit an armed robbery.  For this reason, Petitioner has not met the demanding burden of demonstrating that the Court's failure to consider his constitutional claims will result in a fundamental miscarriage of justice. *See Woulard v. Sec'y, Dep't of Corr.*, 707 F. App'x 631, 635 (11th Cir. 2017) (rejecting petition's "actual innocence" argument that if defense counsel had filed a motion to suppress, then the state would not have been able to prove that he committed a crime, and he therefore would not have pled guilty; petitioner's claim may lend support for his legal innocence but did not meet the high bar of providing new evidence that supported his factual innocence).

15

## III.  Conclusion

For the reasons above, Petitioner's 28 U.S.C. § 2254 petition for a writ of habeas corpus should be dismissed as untimely.

## IV.  Certificate of appealability

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." 28 U.S.C. § 2254 Rule 11(a).  A timely notice of appeal must still be filed, even if the court issues a certificate of appealability.  28 U.S.C. § 2254 Rule 11(b).

"Section 2253(c) permits the issuance of a COA only where a petitioner has made a 'substantial showing of the denial of a constitutional right.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336  (2003) (quoting § 2253(c)(2)).  "At the COA stage, the only question is whether the applicant has shown that 'jurists of reason could disagree with the district court's resolution of his [or her] constitutional claims or that jurists could conclude the issues presented are adequate to deserve

16

encouragement to proceed further.'" *Buck v. Davis*, 137 S. Ct. 759, 773 (2017) (citing *Miller-El*, 537 U.S. at 327).  Petitioner cannot make that showing in this case.  Therefore, the undersigned recommends denying a certificate of appealability.

The second sentence of  Rule 11(a) provides:  "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Thus, if either party wishes to submit arguments on the issue of a certificate of appealability that party may do so in an objection to this Report and Recommendation.

Accordingly, it is respectfully **RECOMMENDED** that:

1.    Respondent's motion to dismiss (Doc. 8) be **GRANTED**.

2.    The 28 U.S.C. § 2254 petition for a writ of habeas corpus (Doc. 1) be **DISMISSED with prejudice** as untimely.

3.    That a certificate of appealability be **DENIED**.

At Pensacola, Florida, this 5th day of December 2023.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

17

## <u>Notice to the Parties</u>

Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation.  <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control</u>. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.

18